**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES COBURN, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 05-CV-0647-CVE-FHM |
| BRUCE HOWARD, Warden | ) |
|       Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 13) and provided copies of state court documents, see Dkt. # 13, attached exhibits, for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 14) to Respondent's response. Also before the Court is Petitioner's motion for judgment on the pleadings (Dkt. # 21). For the reasons discussed below, the Court finds the petition should be denied and the motion for judgment on the pleadings should be declared moot.

*BACKGROUND*

On December 2, 2004, Petitioner, represented by attorney Richard Clark, entered a plea of guilty in Tulsa County District Court, Case No. CF-2004-4602, to one count of Obtaining Money by False Pretense, After Former Conviction of Two or More Felonies. The trial court accepted Petitioner's plea and sentenced him to six (6) years in prison, with the sentence to run concurrently with sentences in CM-2002-5350, CM-2003-4978, and CM-2001-6139. Petitioner did not seek to withdraw his plea and did not otherwise perfect a *certiorari* appeal.

On April 28, 2005, Petitioner filed a *pro se* application for post-conviction relief in the trial court, asserting claims of (1) ineffective assistance of trial counsel for failing to meet with or advise Petitioner, and (2) excessive sentence. See Dkt. # 13, Ex. 1. The trial court denied the requested relief by order filed on June 20, 2005 (Dkt. # 13, Ex. 2), and Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 13, Ex. 3. On September 20, 2005, the OCCA affirmed the denial of post-conviction relief (Dkt. # 13, Ex. 4). The OCCA found that Petitioner's claim relating to excessive sentence was waived as it could have been raised on direct appeal. Id. at 2. The OCCA rejected Petitioner's claim of ineffective assistance of trial counsel on the merits. Id. at 2-3.

Petitioner filed his federal habeas corpus petition on November 15, 2005, asserting two (2) grounds for relief, as follows:

Ground 1:   Ineffective assistance of trial counsel.

Ground 2:   Excessive sentence.

(Dkt. # 1). In response to the petition, Respondent argues that the OCCA properly denied Petitioner's claim of ineffective assistance of trial counsel, and the excessive sentence claim is procedurally barred. See Dkt. # 13.

## ANALYSIS

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the state courts in post-conviction proceedings. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Ineffective assistance of trial counsel**

As his first proposition of error, Petitioner challenges both the state district court's ruling and the OCCA's finding that he was not denied the effective assistance of counsel. He asserts that he "never met, spoke to, corresponded with or was represented in open court by his appointed counsel, Richard Clark." See Dkt. # 1 at 5A. Petitioner argues that the OCCA's opinion incorrectly concluded that the Strickland v. Washington, 466 U.S. 668, 687 (1984), standard was met. Further, Petitioner challenges the state court's factual finding that he did not produce any support for his assertion that he was represented only by a legal intern during his plea negotiations and sentencing.

The OCCA relied upon Strickland in concluding:

> We find nothing in the appeal record presented to this court indicating that Petitioner's representation was deficient. We also find no documentation supporting Petitioner's claim that he never spoke to his lawyer at all during the process of entering his plea and his subsequent sentencing.

See Dkt. # 13, Ex. 4 at 2.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated a claim on the merits, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the state district court and the OCCA adjudicated the merits

3

of Petitioner's ineffective assistance of trial counsel claim in post-conviction proceedings. Therefore, that claim shall be reviewed pursuant to § 2254(d).

First, the Court will analyze this claim as an attempt by Petitioner to rebut the presumption of correctness afforded a factual finding made by the OCCA. The habeas corpus statute provides that "a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The OCCA's factual finding contested by Petitioner is that there is "no documentation supporting Petitioner's claim that he never spoke to his lawyer at all." (Dkt. # 13, Ex. 4 at 2). The record provided by Respondent contradicts Petitioner's allegation that he "never met, spoke to, corresponded with or was represented in open court by his appointed counsel, Richard Clark." (Dkt. # 1 at 5A). Respondent provided a copy of the "Findings of Fact - Acceptance of Plea" filed in the district court in Petitioner's case. See Dkt. # 13, Ex. 6. On the first page of the form, Petitioner affirmed that he could read and understand the form. Id. at ¶ 4. He identified Richard Clark as his lawyer. Id. at ¶ 15. Petitioner also affirmed that he understood the nature and consequences of the proceeding, had talked over the charges with his lawyer, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at ¶¶ 8 and 16. Further, he answered "Yes" to the question, "Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advice?" Id. at ¶ 17. He indicated that he did not have any additional statements to the court. Id. at ¶ 28. Petitioner swore under oath that he had read, understood and completed the form, that his answers were true and correct, and that he understood he could be prosecuted for perjury if he had made false statements to the court. Id.

In addition to the form, the docket sheet for Petitioner's case shows both Petitioner and his counsel, Richard Clark, were present in court on December 2, 2004, for his guilty plea. See Dkt. # 13, Ex. 5 at 3. This Court is required to accord the factual finding made by the OCCA a presumption of correctness. To rebut the presumption of correctness, Petitioner must present clear and convincing evidence. Petitioner has provided only his assertion in his petition and supporting brief that he never met with or talked to his attorney. The Court cannot accept this averment in light of the contradictory docket entry and Petitioner's own sworn statements in the "Findings of Fact-Acceptance of Plea." As a result, the Court finds that Petitioner has not presented clear and convincing evidence that the OCCA's factual determination was unreasonable or incorrect.

Next, the Court will review the legal conclusion reached by the OCCA. As indicated above, the OCCA rejected Petitioner's ineffective assistance of counsel claim based upon its application of the Strickland standards to the facts of Petitioner's case. Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover,

review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). In a challenge to a guilty plea, the second half of the Strickland standard "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

The Court finds that in this case Petitioner has failed to satisfy the prejudice prong of the Strickland standard. He does not allege in his habeas petition that had he had more communication with Richard Clark he would have pled not guilty and insisted on going to trial. In his reply, Petitioner asserts that receiving legal advice from a legal intern prejudiced him because "a legal intern is not allowed to dispense legal advice." (Dkt. # 14 at 3). This allegation falls short, however, of the type of prejudice necessary to satisfy the second half of the Strickland test. Hill, 474 U.S. at 60. Petitioner has failed to demonstrate that the OCCA's rejection of his ineffective assistance of counsel claim was an unreasonable application of the Strickland standard. Therefore, under 28 U.S.C. § 2254(d), he is not entitled to habeas corpus relief on this claim.

**C.      Excessive sentence**

In his second claim for habeas relief Petitioner asserts that his six (6) year sentence was excessive. This claim was first raised in Petitioner's application for post-conviction relief. Citing state law, the OCCA agreed with the district court's finding that this claim was waived because Petitioner failed to raise it in a direct appeal of his guilty plea. See Dkt. # 13, Ex. 4 at 2.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

In this case, the Court finds that the OCCA's imposition of a procedural bar was independent and adequate to preclude federal review. As a result, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice," habeas review by this Court is precluded. Coleman v.Thompson, 501 U.S. 722, 750 (1991). The only explanation given by Petitioner for his failure to challenge his alleged excessive sentence prior to post-conviction proceedings is that he pled guilty, thus was "unable to appeal direct." See Dkt. # 1 at 6. As noted earlier, however, Petitioner made no effort to withdraw his plea or file a *certiorari* appeal in state court. See Okla. Stat. tit. 22, § 1051 (providing appeal procedure for convictions taken on plea of guilty). Further, the state court records clearly indicate that Petitioner was given notice of the appeal procedure at the time of his conviction. In the Findings of Fact - Acceptance of Plea, the state district court advised Petitioner of the applicable appellate procedure as follows:

> To appeal from this conviction, or order deferring sentence, on your plea of guilty, you must file in the District Court Clerk's Office a written Application to Withdraw your Plea of Guilty within ten (10) days from today's date. You must set forth in detail why you are requesting to withdraw your plea. The trial court must hold a hearing and rule upon your application within thirty (30) days from the date it is filed. If the trial court denies your application, you have the right to ask the Court of Criminal Appeals to review the District Court's denial by filing a Writ of Certiorari within ninety days from the date of the denial.

Dkt. # 13, Ex. 6. Petitioner answered "Yes" to the question whether he understood each of the rights to appeal, and signed the form indicating he acknowledged understanding. Id. Accordingly, the Court finds that Petitioner has failed to demonstrate "cause" to overcome the procedural bar.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). Petitioner makes no such claim. Therefore, the Court finds that Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine.

As a result of Petitioner's failure to demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice would occur if his claim is not considered, this Court is procedurally barred from considering Petitioner's claim of excessive sentence.

**D.      Plaintiff's motion for judgment on the pleadings**

On September 21, 2006, Plaintiff filed a motion for judgment on the pleadings (Dkt. # 21). In light of the Court's finding herein that Plaintiff's request for habeas relief shall be denied, his motion for judgment on the pleadings shall be declared moot.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied, and his motion for judgment on the pleadings shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**, and Plaintiff's motion for judgment on the pleadings (Dkt. # 21) is **declared moot**. A separate Judgment shall be entered in this case.

**DATED** this 19th day of July, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT